# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY W. SYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-823 NAB |
| | ) | |
| FEDERAL NAT'L. MORTGAGE ASSOC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff has filed a civil suit and seeks leave to proceed in forma pauperis. Plaintiff is granted leave to proceed without payment of the filing fee. Also, the Court will direct plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint is made up of one typed page, in addition to a copy of the Preamble to the Bill of Rights and the Amendments to the Constitution. Plaintiff appears to have one central claim against defendant Federal National Mortgage Association. He states that "said wrongdoer(s) trespass upon my property" and this trespass occurred by purchasing plaintiff's property without his consent. Plaintiff claims that the alleged harm began on January 10, 2018, and occurs until today. He states that he is seeking $350,000 in damages.

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332.

A simple trespass action is a state law action that does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Therefore, the Court may only hear this case if diversity jurisdiction exists.

Plaintiff states that he is currently living in St. Louis, Missouri. However, he has not indicated where Federal National Mortgage Association, the company, is incorporated and where it has its principal place of business.

Further, plaintiff has not substantiated what the actual amount in controversy is in this matter, and whether it is over the statutory amount of $75,000.[1] As a result, the Court will order plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must show cause no later than **thirty (30) days from the date of this Memorandum and Order**, why this action should not be dismissed without prejudice for lack of jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel will be **HELD IN ABEYANCE** at this time.

Dated this  1st   day of June, 2018

\s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[1] The Court presumes that plaintiff's requested damage amount is different than the actual amount in controversy. In his response to the Show Cause Order, plaintiff should substantiate how the statutory amount in controversy of $75,000 will be met in this action.